## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-32820 (jpn)** |
| **Techdash Telecom, LLC,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

## TRUSTEE'S APPLICATION TO EMPLOY CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C. AS GENERAL COUNSEL

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**A HEARING HAS BEEN SCHEDULED FOR AUGUST 14, 2024 AT 1:30 P.M. BEFORE THE HONORABLE JEFFREY P. NORMAN. PLEASE DO NOT APPEAR IN PERSON.**

PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.

PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. TO ACCESS THE HEARING, DIAL 1 (832) 917-1510. CONFERENCE CODE: 174086.

TELEPHONIC PARTICIPANTS MAY CONNECT ON-LINE TO VIEW THE COURT'S BROADCAST ONTO THE COURTROOM'S TELEVISION MONITORS. TO VIEW ONLINE, YOU MAY CONNECT THROUGH THE WEBSITE LOCATED AT:

https://www.gotomeet.me/JudgeNorman

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

Randy W. Williams, in his capacity as duly appointed Chapter 7 trustee for the

bankruptcy estate of Techdash Telecom, LLC ("**Debtor**"), files this *Application to Employ General Counsel* ("**Motion**"). In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and the general "catch-all" language of 28 U.S.C. § 157(b)(2).

2.    The statutory bases for the relief requested herein are §§ 105(a), 330(a), and 503 of title 11 of the United States Code.[1]

3.    Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    This Court has constitutional authority to enter a final order regarding the Objection. Court approval of fees and expenses of estate professionals has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[2] In the alternative, allowance and payment of professional fees is an essential bankruptcy matter which triggers the "public rights" exception.[3]

## BACKGROUND

5.    On June 18, 2024, Techdash Telecom, LLC, LLC ("**Debtor**") filed a voluntary petition under Chapter 7

---

[1]  Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

[2]  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).

[3]  *See Id.*

6.      Thereafter, Randy W. Williams was appointed as the Chapter 7 Trustee ("**Trustee**").[4]

7.      The Trustee seeks to retain Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. ("**CHWWA**") as his general counsel in this case, with Martin designated as lead counsel effective as of July 3, 2024

**APPROPRIATENESS OF RETENTION**

## A.  11 U.S.C. § 327(a)

8.      The Trustee requests authority to employ CHWWA pursuant to §§ 327 and 330. Employment of professionals is governed by § 327 and Rule 2014. Specifically, § 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

9.      CHWWA does not hold an "interest adverse" to the Debtor's estate as it does not possess any economic interest that would tend to lessen the value of the estates or create either an actual or potential dispute in which the estates are a rival claimant.[5] Additionally, CHWWA and its professionals are disinterested persons as that term is defined in § 101(14) in that each of its shareholders, of counsel, and associates:

(a)      are not creditors, equity security holders, or insiders of the Debtor;

(b)      are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

(c)      do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

---

[4]  ECF Nos. 14 and 15, respectively.

[5]  *See*, e.g., *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994).

### B.  BANKRUPTCY RULE 2014

10.	Rule 2014(a) provides:

> . . . . The application [to employ a professional person] shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

11.	In satisfaction of these requirements, the Trustee has included with this Application the Martin Declaration and Riordan Declaration, and further represents as follows:

#### i.  FACTS SHOWING THE NECESSITY FOR THE EMPLOYMENT OF COUNSEL

12.	The Trustee needs special counsel in this case because he needs additional assistance with a myriad of unique issues, including those set forth below.

#### ii.  EMPLOYMENT OF CHWWA

13.	The Trustee desires to employ CHWWA, located at 1200 Smith Street, Suite 1400, Houston, TX 77002, (713) 356-1280 (direct); (713) 658-2553 (fax), with Jarrod B. Martin designated to act as attorney-in-charge and who will be responsible from July 3, 2024 forward.

#### iii.  REASONS FOR THE SELECTION

14.	The Trustee selected CHWWA and Martin because they have extensive experience in general bankruptcy matters, representation of chapter 7 trustees, commercial litigation, avoidance litigation, and asset collection. Martin has a variety of experience in the U.S. Bankruptcy Court and, in addition to providing Trustee representation, Martin has represented a wide variety of business entities and individuals in bankruptcy cases, including secured and unsecured creditors, Chapter 7,

Chapter 11, and Chapter 13 debtors, Chapter 7 trustees, and reorganized debtors. Martin also serves as a Subchapter V Trustee. Additionally, Martin served as a trial attorney with the Office of the United States Trustee and has engaged in bankruptcy litigation arising under state and federal law. The Trustee believes that Martin and CHWWA are well qualified to represent the Trustee.

### iv.   THE PROFESSIONAL SERVICES TO BE RENDERED

15.   CHWWA will perform the necessary professional services listed below, to the extent necessary:

a) preparing, on behalf of the Trustee, all lists, applications, motions, legal memoranda, objections, responses, answers, orders, reports, and other legal papers necessary to the administration of this Chapter 7 case;

b) representing the Trustee concerning the disposition of the Debtor's executory contracts;

c) assisting the Trustee in the development of a strategy to administer this Chapter 7 case;

d) attending meetings and negotiating with the representatives of creditors, the U.S. Trustee, and other parties in interest;

e) assisting with the disposition of assets, by sale or otherwise;

f) taking actions as may be necessary to preserve and protect the estate' assets, including, if required by the facts, investigation and prosecution of avoidance actions and adversary or other proceedings on the estate' behalf, defense of actions commenced against the estate, negotiations concerning litigation in which the estate is involved, objection to claims filed against the Debtor's estate;

g) providing general corporate, capital markets, financial, tax, employment, and litigation advice, and other general non-bankruptcy legal services to the Trustee on an as-needed basis;

h) appearing before this Court and any appellate courts to protect the interests of the Trustee and the Debtor's estate; and

i) performing all other legal services for, and providing all other necessary legal advice to, the Trustee that may be necessary and proper in this Chapter 7 case.

### v.   PROPOSED ARRANGEMENT FOR COMPENSATION

16.     The Trustee proposes to employ CHWWA on an hourly-fee basis. The names and hourly rates of CHWWA professionals and paraprofessionals who will perform services in this case is set forth on the attached **Exhibit C**, which are the discounted billing rates of CHWWA.  Costs and expenses shall be paid separately from attorneys' fees. All requests for compensation by CHWWA shall be subject to Bankruptcy Court approval. The Trustee anticipates that Martin, as lead counsel, will perform the lion's share of services in connection with the proposed engagement, though other professionals and paraprofessionals may assist when necessary or appropriate. CHWWA has not received any funds, as a retainer or otherwise, for this representation

17.     The Trustee further selected CHWWA and Martin as special counsel due to their competitive billing rates generally and as compared to the level of experience proposed counsel brings to the representation. Martin's hourly billing rate is $600 per hour, which is reduced from his standard hourly rate of $800.  Martin utilizes associates and paralegals that bill at a lower hourly rate when appropriate.

### vi.   FEE SHARING

18.     CHWWA has not entered into any agreement to share fees with any other entity in connection with these Chapter 7 Case.

### vii.   CONNECTIONS TO THE CASE

19.     As set forth in the Martin Declaration, Martin and CHWWA performed the CHWWA has circulated an internal conflict memorandum, and none of the attorneys at CHWWA reported any potential conflict with or adverse interest to the Debtor's estate.

20.     The Trustee confirmed based upon the Declaration of Jarrod B. Martin attached hereto as **Exhibit A** and the Declaration of Michael K. Riordan attached hereto as **Exhibit B** that CHWWA does not hold or represent an interest adverse to the estate.

21.     Furthermore, as set forth in the Martin Declaration and Riordan Declaration, to the best of their knowledge, information, and belief, insofar as they has been able to ascertain after due inquiry, neither CHWWA, Martin, or Mr. Riordan represent an interest adverse to the estate relating to the scope of their engagement.

22.     Furthermore, to the best of their knowledge, information, and belief, insofar as they have been able to ascertain after due inquiry, neither CHWWA, Martin, or Mr. Riordan have any connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, [6] or any person employed in the office of the United States trustee except as set forth in the Martin Declaration and Riordan Declaration.

23.     Accordingly, the Trustee that CHWWA is a "disinterested person," as that term is defined in 11 U.S.C. § 101(14) as CHWWA does not have any connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as otherwise disclosed in the Martin Declaration and Riordan Declaration. [7]

24.     The retention of CHWWA is in the best interest of the estate because (i) Martin previously served as the Subchapter V Trustee in this case; (ii) Martin has considerable experience representing bankruptcy trustees, and (iii) the attorneys designated to work on this case have competitive billing rates compared to other area attorneys of similar experience.  As a result, Martin

---

[6]  Martin served as a trial attorney with the Denver, Colorado field office for the Office of the United States Trustee from 2011 to 2014.

[7] I served as a trial attorney with the Denver, Colorado field office for the Office of the United States Trustee from 2011 to 2014.  I was also appointed as the Subchapter V Trustee for the Debtor in it Chapter 11, Subchapter V case. As disclosed in the Martin Declaration, CHWWA represents creditors In addition, CHWWA represents Elliott Electric, a creditor in this case, in matters unrelated to the Debtor. To the extent causes of action exist against Elliott Electric, they will be handled by the Trustee in his role as *de facto* general counsel or by other appropriate conflicts counsel.

has sensitivity to the economics of representing a bankruptcy estate with limited funds. The Trustee

believes that CHWWA is well-qualified to represent him in this case, and that the employment of

CHWWA is in the best interest of the estate and its creditors.

WHEREFORE, the Trustee respectfully requests the Court to enter the attached proposed

order; and further requests such additional relief to which he may be entitled.

Dated: July 17, 2024                    Respectfully submitted,

*/s/ Randy W. Williams*
Randy W. Williams
7924 Broadway Suite 104
Pearland TX 77581
Telephone: (281) 884-9262
Email: rww@bymanlaw.com

**Chapter 7 Trustee**

**CHAMBERLAIN, HRDLICKA, WHITE,
   WILLIAMS & AUGHTRY, PC**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.658.1818
F: 713.658.2553
E:  jarrod.martin@chamberlainlaw.com

**Proposed Counsel for Randy W. Williams,
Chapter 7 Trustee**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District on July 17, 2024, including the United States Trustee and counsel for the Debtors.

*/s/ Jarrod B. Martin*
Jarrod B. Martin